SHIELDS V. NIAGARA COUNTY SAVINGS BANK.

*Jury — talesmen cannot be summoned for entire circuit — Statutory construction — 2 R. S. 437, § 54; Laws 1861, chap. 210; 1870, chap. 409 ; 1871, chap. 16 — Agency — Corporation — officer of, doing private business — when corporation not liable — Election.*

Ten talesmen, whose names were not drawn from the box containing the names of petit jurors for the county, were by order of the court summoned to serve for the circuit. *Held,* error. Talesmen can only be summoned for a single trial and not for a circuit.

The provision of 2 R. S. 437, § 54, only authorized the summoning of talesmen for the single cause ready and moved for trial, and this provision was repealed or modified by Laws 1861, chap. 210, so far that talesmen can be summoned from the bystanders only by the consent of the parties to the action. The statute of 1861 is not affected by chapter 409 of Laws of 1870, or chapter 16 of Laws of 1871.

M., the managing officer of a savings bank, carried on a banking business in his own name in the same room with the bank, receiving deposits, etc. Plaintiff deposited moneys with M., receiving certificates of deposit in the name of M. therefor. M. failed and went into bankruptcy. Plaintiff proved his demand on the certificates against M.'s estate, and received a dividend thereupon. *Held,* that plaintiff could not disaffirm his contract with M., and recover the amount of deposit of the bank.

APPEAL by defendant from an order at the special term denying a new trial, and from a judgment in favor of plaintiff entered upon a verdict.

The action was brought by Charles Shields, upon two certificates of deposit which the plaintiff alleged were made by one Morgan Van Waggoner in the defendant's bank, a corporation duly chartered by the legislature of the State, and doing business at Lockport. The certificates mentioned were as follows :

"BANKING HOUSE OF D. MORSE & Co., } "No. 1909. LOCKPORT, N. Y., *Oct.* 26, '67. }

"Morgan Van Waggoner has deposited in this bank one hundred dollars to the credit of himself, and payable to his order only on the return of this certificate, in current bank notes.

"$100 dolls. DANIEL MORSE & Co."

The other certificate was in the same form except it was for $150, and was dated September 3, and was No. 1,893.

VOL. V, N. Y. REP. -- 74

These certificates before the commencement of the action were duly indorsed and sold and delivered by said Van Waggoner to the plaintiff.

On the trial it was proved that G. W. Jermain was president of said bank at the date of said certificates, and Daniel Morse was its secretary, and was its acting financial officer ; that at the same place the said Morse also carried on a private or individual insurance brokerage and banking business under the name of Daniel Morse & Co. ; that on the door window of said bank was a sign in large letters, " Niagara County Savings Bank"; and that on the window curtain on the inside of the window was a sign indicating the private or personal business there done by said Morse.

It also appeared that said Morse had failed and gone into bankruptcy before the transfer of said certificates to the plaintiff, and that the said Van Waggoner had duly proved his debt for the amount of said certificates in the proceedings, and had received a dividend of $38.34 from the assignee in bankruptcy of said Morse.

Upon the impaneling of the jury on the trial, it appeared that ten of said jury were talesmen summoned by the sheriff, under an order of the court made on the first day of the court, which, it appears from the minutes, commenced on the 1st day of September, and this trial took place on the 6th of the same month, that these ten jurymen were summoned and sworn as talesmen, and the name of not one of them was drawn from the box containing the names of jurors for said county. The counsel for the defendant challenged these ten jurors for the reason that they were not drawn from the box from which the names of petit jurors are drawn on the regular panel. The challenge was overruled and the defendant's counsel duly excepted.

The defendant's counsel, at the close of plaintiff's case, and also at the close of the trial, moved for a nonsuit on the grounds, 1st. That there was no sufficient evidence of any deposit by Van Waggoner with the defendant as claimed. 2d. That Van Waggoner having proved his claim against Morse in bankruptcy, the demand was extinguished as against the defendant, if it ever existed. 3d. That plaintiff had proved no demand of defendant before suit was brought. These motions were respectively denied, and the defendant's counsel duly excepted. Other exceptions were taken in the progress of the trial.

The jury found a verdict for the plaintiff for $301.57, upon which judgment was entered up, from which the defendant duly appealed to this court.

*L. F. & G. W. Bowen,* for appellant.

*B. J. Hunting,* for respondent.

E. DARWIN SMITH, J. The first exception for our consideration relates to the impaneling of the jury.

Ten of the jurors drawn for the trial of the cause were talesmen, not drawn from the box containing the names of petit jurors for said county, but summoned by the sheriff by the order of the court to serve for said circuit. They were drawn on the first day of the court, and their names placed in the box to serve for the term and not for the trial of this particular cause. The court began on the first day of September and this cause was tried on the sixth.

I cannot see how the regularity of the proceedings in impaneling the jury can be upheld. A talesman is a juror summoned to fill up a panel for the trial of a particular cause. The court under the Revised Statutes could supply the deficiency in the panel by order made at the time. It could, whenever a sufficient number of jurors duly drawn and summoned did not appear and could not be obtained to form a jury, direct the sheriff to summon from the bystanders or from the county at large so many persons qualified to serve as jurors as should be sufficient. (2 R. S. 437, § 54.)

This provision only authorized the summoning of talesmen for the single cause ready and moved for trial. It did not authorize the summoning of jurors to fill the panel to act or serve for the whole circuit. And this provision in respect to talesmen is clearly repealed or modified by the act of 1861, entitled "an act to amend the Revised Statutes in relation to trials by jury" (Laws of 1861, chap. 210), so far that the summoning of talesmen by the order of the sheriff from the bystanders or from the county at large can only be done by the consent of the parties to the action. Otherwise the panel in such a case can only be filled by drawing from the box of jurors of the city or town where the court is held, kept and produced for that purpose, pursuant to the provisions of said act. This act of 1861 expressly repeals all acts and parts of acts inconsistent therewith. This provision has and can have no other opera-

tion or effect than to repeal said section of the Revised Statutes so far as it provides for or allows the summoning of jurors from the bystanders or from the county at large by the sheriff to serve as jurors in any court except as above stated.

The object of this statute and the mischief it was intended to remedy were to prevent sheriffs from filling up the panel of jurors when there was a deficiency in the regular panel, from a class of professional jurors or from persons standing by in the court rooms ready to be summoned and called for such purpose.

This statute has no application to criminal trials. In the case of *People* v. *Mallon*, 3 Lans. 224, it was held that section 3 of title 5, chap. 11, part 4 of the Revised Statutes (2 R. S. 733), providing for the filling of the panels for the criminal trials when twenty-four names of jurors duly drawn did not appear, was not repealed, and was not affected by the statute of 1870. Laws 1870, chap. 409.

This act and the act of 1871, chap. 16, provides for procuring additional jurors for the Circuit Courts and courts of Oyer and Terminer by order directing the drawing of the names of such required jurors from the county box, containing the names of petit jurors for said county. These acts do not affect the act of 1861, which still remains in full force.

The challenge of the ten jurors at the circuit was valid, and the exception to the decision overruling such exception well taken.

But upon the merits I think the plaintiff ought to have been nonsuited. The plaintiff showed no right of action. The certificates upon their face in form and legal effect were contracts between Van Waggoner and Morse. If by reason of any fraud of Morse or the bank, the certificates were put in their present shape, and the name of Daniel Morse & Co., signed thereto, was substituted for that of the proper officer of the defendant's bank, to bind said bank upon the face of the certificates, Van Waggoner was bound to act promptly in disaffirming said contract, and demanding his money or a certificate proper in form to bind the bank. The certificates were given and dated, one September 3, and one October 26, 1867. Van Waggoner could read and write, and was bound to look at and read the certificates taken, and must be presumed to have done so at the time. On the 7th of October, 1868, Van Waggoner proved his demand on said certificates against said Morse in bankruptcy, making affidavit that said Morse was justly indebted to him in the amount of said certificates, and on the 28th of April, 1873, received a dividend

upon such demand in the sum of $38.34. After this delay in seeking to disaffirm the contract, and after distinctly affirming it by proving the certificate in bankruptcy as a debt of Morse, and receiving a dividend thereon from the assets of said Morse from his assignee in bankruptcy, it seems to me it is too late to seek to disaffirm the contract made by and in said certificate between said Van Waggoner and Morse, and seek to charge the bank as the real debtor, and that all claim upon said certificates as against said bank is thereby waived and relinquished.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*